**ZAGHI LAW GROUP, PLLC**
Nisan Zaghi, Esq.
2129 New York Avenue
Brooklyn, NY 11210
nisan@zaghilaw.com
917-530-1943

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cheskel Lefkowitz,<br><br>                    Plaintiff,<br>    vs.<br><br>Nationstar Mortgage, LLC d/b/a Mr. Cooper; Experian Information Solutions, INC.; Equifax Information Services LLC; Trans Union LLC a/k/a Transunion<br><br>                    Defendants. | Civil Action No.:<br><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff Cheskel Lefkowitz ("Plaintiff") brings this Complaint against defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper, Experian Information Solutions, Inc., Equifax Information services LLC and Transunion LLC. ("Defendant" of "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

### NATURE OF THE ACTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). Defendants have been reporting inaccurate account status information about Plaintiff's Mr. Cooper account. Specifically, starting in August 2022 and going through October 2024 when the account was paid off in its entirety, no payments were required because the account was first in forbearance and then in a loan modification program. After

1

Plaintiff paid off the loan in its entirety on October 10, 2024, Defendants reported his account as 180 days late as of September 2024.

2. Although Plaintiff disputed the reporting, Defendants failed to correct the reporting.

3. Defendants failures to remove the inaccurate account status has damaged and continues to damage Plaintiff by preventing him from being approved for financing and obtaining credit at the most favorable market rates. Plaintiff has also been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

**PARTIES**

4. Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Mr. Cooper")[1] is a foreign corporation organized under the laws of the State of Texas, with its principal place of business at 350 Highland Drive, Lewisville, Texas 75067.

5. Defendant Experian Information Solutions, Inc ("Experian") is a foreign corporation headquartered at 475 Anton Blvd., Costa Mesa, CA.

6. Defendant Equifax Information Services LLC ("Equifax") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

7. Defendant Trans Union LLC a/k/a Transunion ("Transunion") is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. [2]

8. All Defendants qualify as a "consumer reporting agency" under the FCRA.

9. Plaintiff is an individual with an address at 1122 49th Street, Brooklyn, NY 11219.

---

[1] Mr. Cooper shall be refereed to as the "Furnisher Defendant"
[2] Experian, Equifax and Transunion shall be referred to collectively as the "Defendant CRAs"

**JURISDICTION AND VENUE**

10. The claims asserted in this complaint arise under §1681e(b) and §1681i of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

11. Venue is proper in this District under 28 U.S.C. §1391(b).

**STATEMENT OF FACTS**

12. Mr. Cooper is the issuer of the Mortgage account ("Mr. Cooper Account") with the account number 713986XXX in credit reports supplied to Plaintiff by Defendant CRAs.

13. The Mr. Cooper account is being reported with inaccurate information regarding its status.

14. In or about August 2022, Plaintiff and Mr. Cooper entered into a forbearance agreement. As part of the forbearance agreement, Plaintiff was not required to make any payments to Mr. Cooper.

15. Towards the end of the forbearance period, Plaintiff submitted a loan modification application to Mr. Cooper.

16. Plaintiff was told that while loan modification application is being reviewed and during the loan modification trial period, his loan will not be reported as delinquent.

17. On October 10, 2024, during the loan modification trial period, Plaintiff paid off the entire balance on the loan.

18. After Plaintiff paid off the entire balance on the loan, the Defendant CRAs reported his account as late for September 2024.

19. The inaccurate reporting of this account has caused significant damage to Plaintiff's credit score. The erroneous indication of a lateness has resulted in a lowered credit score, making it more difficult for the Plaintiff to obtain credit.

20. Mr. Cooper has failed to ensure accurate reporting of this account.

## COUNT I
### Willful and Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681o 1681n)
### As to the Furnisher Defendant

21. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

22. The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors"

23. The Furnisher Defendant reported inaccurate account information regarding the Mr. Cooper account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs.

24. The Furnisher Defendant received notice of Plaintiff's Notice of Dispute regarding the accuracy of his account information as reported to the Defendant CRAs.

25. As a result of the Furnisher Defendant's willful and negligent contuct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recover of attorney fees and costs incurred.

## COUNT II
### Willful and Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681i, 1681e(b) 1681o 1681n)
### As to Defendant CRAs

26. Defendants are liable for willfully, or at least negligently, failing to follow reasonable procedures to ensure the maximum possible accuracy of the account status information reported on Plaintiff's Hyundai account, in violation of 15 USC §1681e(b)

27. Defendants are also liable for willfully, or at least negligently, failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and by reinserting the disputed information back into Plaintiff's consumer report.

28. Plaintiff is thus entitled to actual damages, statutory damages, punitive damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  April 29, 2025                             **ZAGHI LAW GROUP, PLLC.**

*/s/Nisan Zaghi*
Nisan Zaghi
1318 Avenue J
Brooklyn, NY 11230
917-560-1943
nisan@zaghilaw.com

*Attorney for Plaintiff*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration, or administrative proceeding currently pending in any court.

I further certify under penalty of perjury that the statements made in this complaint are true and correct.

*/s/ Nisan Zaghi*____
Nisan Zaghi